# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

In re: Annette Juniel                                                           Case No.: 4:18-bk-10386

Debtor                                                                                                                         Chapter 13

## DEBTOR'S MOTION FOR REFUND FROM TRUSTEE

or

## MOTION ALLOWING DEBTOR TO DIRECTLY RECEIVE AND RETAIN PERSONAL INJURY SETTLEMENT FUNDS

[Amends and Replaces Motion for Refund, Docket 63]

**COMES NOW** Annette Juniel ("Debtor"), by and through her attorney, Matthew D. Mentgen, and for her *Motion for Refund from Trustee or Motion Allowing Debtor to Directly Receive and Retain Personal Injury Settlement Funds*, states:

    1. That Debtor filed this bankruptcy case seeking relief under Chapter 13 of Title 11 of the United States Code on January 25, 2018.

    2. On or about October 7, 2020, Debtor accrued a cause of action for a personal injury claim arising from an automobile accident.

    3. This court issued an Order authorizing the employment of The Law Offices of Taylor King Law to represent the debtor and the estate as special counsel in this personal injury claim, [Docket 53].

    4. This court approved a settlement in the amount of $10,000.00 for this claim on April 5, 2021 [Docket 61]. The order approving the settlement indicated that, after deductions,

the Debtor, or the Chapter 13 Trustee, would receive a net settlement of $2,388.05. Actual deductions from the gross settlement were slightly less than originally estimated resulting in a net settlement of $3,062.65 to the Debtor or the Chapter 13 Trustee.

5. That Debtor has made her best efforts to make every payment as scheduled to the Chapter 13 Trustee. Due to the Covid-19 pandemic, Debtor's employment has been impacted greatly and continues to be impacted as she is a bus driver for the Little Rock School system. Debtor is in desperate need of the net settlement supplement her income for basic living expenses, i.e. utilities, rent, and food. Debtor should not be required to provide these funds as excess income for the benefit of her creditors.

6. Futher, Debtor has updated Schedule A/B to reflect ownership of this property and updated Schedule C to properly exempt these funds. Accordingly, receipt of these funds do not create a best interest requirement in this case.

7. The Law Offices of Taylor King should receive the settlement funds within the next two weeks for disbursement.

8. The Debtor respectfully requests that she be allowed to retain the net settlement of this personal injury claim, and that the Chapter 13 Trustee, Mark T. McCarty, be ordered to refund to the Debtor any funds it may receive for this claim. Further, should The Law Offices of Taylor King still be in possession of the net settlement due the Debtor, the Debtor respectfully requests an order authorizing The Law Offices of Taylor King to provide the net settlement directly to the Debtor.

**WHEREFORE**, the Debtor prays that this Court grant Debtor's *Motion for Refund from Trustee or Motion Allowing Debtor to Directly Receive and Retain Personal Injury Settlement Funds*. Debtor prays that this Court issue an order: (1) directing the Chapter 13 Trustee, Mark T.

McCarty, to refund to the debtor any net settlement funds it *may* receive for this claim; (2) authorizing The Law Offices of Taylor King, to provide directly to the Debtor any net settlement funds still in their possession, and (3) allowing the Debtor to retain the full amount of the net settlement in this personal injury claim.

Respectfully submitted,

/s/ Matthew D Mentgen
Matthew D. Mentgen
Arkansas Bar No.: 2008096
PO Box 164439
Little Rock, AR 72216
(501) 392-5662